UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIR SOLUTIONS GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM SERVICES, LLC, <br><br> Defendant. | Case No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff MIR Solutions Group, Inc. by way of Verified Complaint against Defendant Amazon.com Services, LLC hereby states as follows:

## **PARTIES**

1. Plaintiff MIR Solutions Group, Inc. ("Plaintiff") is a corporation organized and existing under the laws of New York with its principal place of business located at 215 Buffalo Avenue , Freeport, New York 11520 .

2. Defendant Amazon.com Services, LLC ("Defendant" or "Amazon") is a corporation organized and existing under the laws of Washington, with its principal place of business located at 410 Terry Ave, N, Seattle, WA 98109-5210.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because the parties are completely diverse and the amount-in-controversy exceeds the sum or value of $75,000 exclusive of interest and cost.

4. This Court has personal jurisdiction over Defendant because it maintains certain minimal contacts with New York such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a significant portion of the events giving rise to this claim and a substantial portion of the property involved in the claim are located in this District.

## FACTS

6. Plaintiff and Defendant entered into a contractual agreement in 2012, referred to as the Amazon Services Business Solutions Agreement (the "Agreement"), whereby Plaintiff was permitted to sell products on Defendant's online platform under specified terms, including adherence to certain branding and bundling policies. **(Ex. A).**

7. Plaintiff has operated as an Amazon Seller under the account name Zulera.

8. Primarily, Plaintiff has primarily sold various grocery products.

9. Over the course of their relationship, practices developed that became customary between the parties, including the listing of bundled items under Plaintiff's "Peaceful Squirrel" trade name, which was accepted and unchallenged by Defendant.

10. The bundled items account for less than 3% of Plaintiff's sales in the last 90 days.

11. On August 27, 2024, Defendant deactivated Plaintiff's seller account, citing alleged policy violations which are disputed by Plaintiff. This action was taken without prior warning or adherence to the agreed dispute resolution procedures set forth in the Agreement.

12. Upon information and belief, the deactivation related to the sales of certain LaCroix-branded beverages.

13. Plaintiff was authorized by LaCroix to sell these products.

14. Plaintiff has submitted this documentation to the Defendant.

15. Section 18 of the Agreement includes a clause that requires that disputes arising from the contract are to be resolved through arbitration, governed by the rules of the American Arbitration Association.

16. Since the deactivation, Plaintiff has submitted multiple appeals to Defendant's Seller Support Team, but its account has still not been reactivated.

17. All information and documents requested by Defendant have been provided on multiple occasions.

18. Due to the deactivation of its seller account, Plaintiff is unable to sell its any of its inventory, including over $1,800,000 in goods stored in Defendant's warehouses, leading to significant operational and financial distress.

19. To date, Plaintiff has been forced to terminate fourteen employees. Should the deactivation continue, additional employees will need to be terminated, and bankruptcy is likely.

20. Defendant placed a notification within Plaintiff's account indicating that, due to its selling privileges being removed, Plaintiff needed to create a removal order or its inventory would be disposed of after the expiration of sixty (60) days from the August 27, 2024 deactivation.

21. Due to the Plaintiff's account being deactivated, it cannot create a removal order or take any action to remove the merchandise.

22. The merchandise is primarily grocery items with approaching expiration dates.

23. The deactivation of Plaintiff's account has halted all business operations conducted through Amazon, which comprises over 99% of Plaintiff's sales and revenue.

24. Plaintiff's inability to access its account has caused and will continue to cause immediate and severe financial harm, as Plaintiff is unable to fulfill pending customer orders or generate new sales.

25. Defendant's actions have also prevented Plaintiff from paying debts owed to approximately twenty vendors.

26. The harm Plaintiff is suffering cannot be adequately compensated by monetary damages alone, as the potential loss of business relationships, damage to Plaintiff's reputation, and layoffs of key personnel will have long-lasting effects on Plaintiff's ability to operate.

27. Due to the immediate and ongoing nature of this harm, Plaintiff has no adequate remedy at law and requires immediate injunctive relief to restore its ability to conduct business on Amazon's platform while the underlying dispute is resolved through arbitration.

**COUNT ONE**
Breach of Contract

28. Plaintiff repeats and realleges the foregoing allegations as though set forth at length herein.

29. Defendant breached the Agreement by deactivating Plaintiff's seller account without sufficient cause and by failing to follow the agreed-upon dispute resolution procedures contained in the Agreement between the parties.

30. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer significant damages and irreparable harm.

**WHEREFORE**, Plaintiff requests the following relief:

(a) Judgment against Defendant for breach of contract;

(b) An order compelling arbitration in accordance with the Agreement and the rules of the American Arbitration Association;

(c) A preliminary injunction to require Defendant to immediately reactivate Plaintiff's Amazon seller account;

(d) A preliminary injunction to require Defendant to provide Plaintiff with immediate access to the items currently stored at Defendant's warehouse and for Defendant to take no action to destroy the merchandise;

(e) Awarding damages, interest, counsel fees, and costs of suit; and

(f) Granting any other relief this Court deems just and proper.

## COUNT TWO
Request for Injunctive Relief and To Compel Arbitration

31. Plaintiff repeats and realleges the foregoing allegations as though set forth at length herein.

32. Plaintiff requests that this Court issue a preliminary injunction to require Defendant to immediately reactivate Plaintiff's Amazon seller account to prevent further economic damage and irreparable harm.

33. Pursuant to the Agreement, Plaintiff requests that the Court compel arbitration to resolve the underlying dispute.

**WHEREFORE**, Plaintiffs requests the following relief:

(a) Judgment against Defendant for breach of contract;

(b) An order compelling arbitration in accordance with the agreement and the rules of the American Arbitration Association;

(c) A preliminary injunction to require Defendant to immediately reactivate Plaintiff's Amazon seller account;

(d) A preliminary injunction to require Defendant to immediately provide Plaintiff with immediate access to the items currently stored at Defendant's warehouse and for Defendant to take no action to destroy the merchandise;

(e) Awarding damages, interest, counsel fees, and costs of suit; and

(f) Granting any other relief this Court deems just and proper.

**DONNELLY MINTER & KELLY, LLC**

By: /s/ *Jared J. Limbach*
　　　Jared J. Limbach

163 Madison Avenue, Suite 320
Morristown, New Jersey 07960
(T) (973) 200-6400
(F) (973) 200-6401
jlimbach@dmklawgroup.com
*Attorneys for Plaintiff,*

Date: October 9, 2024　　　MIR Solutions Group, Inc.

## **VERIFICATION OF PLAINTIFF**

I, **KIM VOLMAN**, as President of MIR Solutions Group, Inc., verify to the best of my personal knowledge that the statements and allegations included in this Verified Complaint are true. I am aware that if any of the foregoing statements are willfully false, I may be subject to punishment.

_____
KIM VOLMAN

Dated: October 8, 2024